# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EDWARD LUGO,

    Defendant.

Case No. 2:11-cr-00299-LDG (GWF)

**ORDER**

    On October 20, 2011, the defendant made his initial appearance before this Court, waived his right to be prosecuted by indictment, and consented to be prosecuted by information. The defendant then pled guilty to the single count information alleging a conspiracy to commit mail and wire fraud. In the Plea Agreement, the parties agreed that the amount of loss attributable to the defendant was between $400,000 and $1,000,000.

    The sentencing hearing for the defendant was continued numerous times over the following months to allow the defendant to co-operate with the government. Eventually, the Court sentenced the defendant on May 11, 2015, to a term of 21 months incarceration. In doing so, the Court calculated that, pursuant to the Sentencing Guidelines then in effect, the advisory guideline range was 33 - 41 months.

For sentencing, the defendant noted changes had been proposed to the loss table in the Sentencing Guidelines, which would become effective in November 2015. He argued that if he were sentenced after the changes became effective, the enhancement for the amount of loss would be reduced by two from fourteen to twelve. Consistent with the proposed changes to the loss table, the Court applied a two-point downward variance to the defendant's Total Offense to reflect the proposed change to the loss table. As a result of the variance, the advisory guideline range became 27 - 33 months.

The government moved for a two-level downward departure for the defendant's substantial assistance. The Court granted the motion and applied a two-point downward departure, further reducing the defendant's advisory guideline range down to 21 - 27 months.

The Court sentenced the defendant to a term of 21 months incarceration, at the low-end of the guideline range.

The government has subsequently moved pursuant to Fed. R. Crim. Pro. 35(b)(1) to further reduce the defendant's sentence by one-level to reflect his further cooperation and testimony in a trial subsequent to the original sentencing. A one-level reduction would result in an advisory guideline range of 18 - 24 months. The government requests that, in re-sentencing the defendant, the Court impose a low-end sentence of 18 months of incarceration.

The defendant joins the government in its Rule 35(b), but argues that the Court should (in addition to the additional one-level departure for post-sentencing assistance) apply a further two-point departure to eliminate an asserted disparity in sentencing. He asserts this disparity arises because he began cooperating and pled guilty early in this case. He notes that, subsequent to his plea, the government offered a group plea to other individuals involved in the overall criminal conduct, which allowed some to receive a two-level group plea reduction.

1  The government opposes, arguing that the defendant received the benefit of his
2  early plea as the loss-amount was limited to the then-known information regarding the
3  overall criminal activity.
4  The defendant points to the sentences of several other defendants in the criminal
5  conduct as indicating the disparity of his sentence. The government counters that the
6  sentences are not disparate, but reflect different circumstances.
7  The Court has considered the defendant's argument for an additional two-level
8  departure and will deny the request. Having considered all factors relevant under 18
9  U.S.C. §3553, and having considered all applicable circumstances of the defendant, the
10 Court finds that a sentence of 18 months is sufficient, but not greater than necessary.
11 Accordingly,
12 THE COURT **ORDERS** that the United States' Motion for Reduction of Sentence
13 Pursuant to Fed. R. Crim. P. 35(b)(1) (#44) is GRANTED;
14 THE COURT **FURTHER ORDERS** that the defendant's previously imposed
15 sentence of imprisonment (as reflected in the judgment dated May 15, 2015) of **21 months**
16 is reduced to **18 months**. Except as otherwise provided, all provisions of the judgment
17 dated May 15, 2015, shall remain in effect.

19 DATED this  16  day of November, 2016.

                                                                    Lloyd D. George
                                                                    United States District Judge